UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MANDEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRANDE COSMETICS, LLC,<br><br>　　　　　Defendant. | Case No.  22-cv-00071-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiff Alexandra Mandel alleges that defendant Grande Cosmetics did not adequately disclose to consumers that its GrandeLASH-MD, GrandeBROW, and GrandeHAIR products contain the active ingredient isopropyl cloprostenate ("IC"), which is a prostaglandin analog said to be associated with serious side effects. *See* Dkt. No. 1 ¶¶ 1-2, 13-14.  Grande Cosmetics has asked to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on preemption and other grounds. Dkt. No. 17.  Its main contention is that the Federal Drug and Cosmetics Act (FDCA) pre-empts the claim under the California Sherman Food, Drug, and Cosmetics Law, Cal. Health & Safety Code § 111550, and the dependent UCL and false advertising claims.  The parties' familiarity with the record is assumed, and the motion is denied.

There is a presumption against preemption, *see Stengel v. Medtronic, Inc.*, 704 F.3d 1224, 1227 (9th Cir. 2013), and Grande Cosmetics has not overcome it.  As the parties acknowledge, the starting point is the Federal Circuit's decision in *Allergan, Inc. v. Athena Cosmetics, Inc.*, 738 F.3d 1350 (Fed. Cir. 2013).  The case is quite similar to this one in that the plaintiff alleged that the defendant violated California's Sherman Law and UCL by selling products that contained IC and other prostaglandin analogs without regulatory approval. *See id.* at 1353.  The circuit court affirmed the district court's conclusions that there was no "clear purpose by Congress" to pre-empt

the Sherman Law, which "contains provisions that parallel the FDCA, such that the statutes have consistent goals." *Id.* at 1355-56.

The *Allergan* district court's decisions underscore the application of this conclusion here. The district court considered the pricing, marketing, and function of the IC-containing products and found that they were objectively intended to be sold as drugs within the meaning of state and federal law, and consequently sold in violation of the Sherman Law. *See Allergan, Inc. v. Athena Cosmetics, Inc.*, Nos. SACV 07-1316 JVS (RNBx), SACV 08-427 JVS (RNBx), SACV 09-328 JVS (RNBx), 2012 WL 1289622, at *4, *8 (C.D. Cal. July 19, 2012) (prior version of RevitaLash contains IC and was sold as a drug); *Allergan, Inc. v. Athena Cosmetics, Inc.*, No. SACV 07-1316 JVS (RNBx), 2012 WL 12896228, at *8 (C.D. Cal. Dec. 20, 2012) (RapidLash and NeuLash were sold as drugs); Dkt. No. 1, Ex. 1 (RapidLash and NeuLash products contain IC).

Grande Cosmetics has not identified a good reason for the Court to decide otherwise here. The FDA's silence on the drug status of IC is of no moment because state laws may impose an additional layer of protection to that provided by federal law. *See Wyeth v. Levine*, 555 U.S. 555, 578 (2009). As in *Allergan*, Mandel's claims are based on "state-law duties that parallel duties under federal law" and consequently are not preempted. *Collette v. Wyeth Pharms., Inc.*, No. 16-cv-01034-JD, 2018 WL 1258105, at *2 (N.D. Cal. Mar. 12, 2018); *see also McLellan v. I-Flow Corp.*, 776 F.3d 1035, 1040-41 (9th Cir. 2015). And as the Federal Circuit noted, the Supreme Court has acknowledged "'the historic primacy of state regulation of matters of health and safety,' which is precisely the California Health Code's subject matter." *Allergan*, 738 F.3d at 1355 (quoting *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001)).

Grande Cosmetics says that *Allergan* was wrongly decided, but the analysis is well-reasoned and persuasive. That *Allergan* involved a claim brought by a competitor rather than a consumer is a distinction without a difference because Mandel, like the plaintiff in *Allergan*, is suing under state law "for conduct that *violates* the FDCA" but not "*because* the conduct violates the FDCA." *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1120 (9th Cir. 2013) (emphasis in original); Dkt. No. 1 ¶¶ 13-20.

1  Grande Cosmetics' other grounds for dismissal are equally unavailing.  It says Mandel did
2  not adequately allege reliance, but the complaint plausibly states that she examined the
3  "packaging, labeling, and other marketing materials" of the products and that she would not have
4  purchased GrandeLASH-MD had defendant properly disclosed the true facts regarding the product
5  or had she known that the product contained drug ingredients with potentially serious side effects.
6  Dkt. No. 1 ¶ 5.  These allegations satisfy Rule 8 and Rule 9(b) of the Federal Rules of Civil
7  Procedure, and establish reliance sufficient for standing under Mandel's California consumer
8  protection law claims.  *See Swearingen v. Pac. Foods of Or., Inc.*, No. 13-cv-04157-JD, 2014 WL
9  3767052, at *2 (N.D. Cal. July 31, 2014).

10  The suggestion that Mandel lacks standing to sue for similar products is also misdirected.
11  A plaintiff has standing to allege claims for products she did not purchase when those products are
12  similar to the ones purchased.  *Machlan v. Procter & Gamble Co.*, 77 F.Supp.3d 954, 962 (N.D.
13  Cal. 2015).  The complaint plausibly alleges that IC is present in each of the accused products,
14  which the Court accepts as true for present Rule 12(b)(6) purposes.  If the record developed during
15  discovery warrants, Grande Cosmetics may renew the standing challenge in subsequent
16  proceedings.

17  **IT IS SO ORDERED.**

18  Dated:  July 18, 2022

JAMES DONATO
United States District Judge

3