UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MANDEL,<br><br>   Plaintiff,<br><br>   v.<br><br>GRANDE COSMETICS, LLC, et al.,<br><br>   Defendants. | Case No. 22-cv-00071-JD<br><br>**ORDER RE INJUNCTION AND INTERVENTION** |

In July 2023, the Court denied plaintiff Mandel's application for preliminary approval of a proposed class settlement. Dkt. No. 55. This was because the proposed settlement featured vouchers that had value only if class members bought more allegedly dangerous products from defendant Grande Cosmetics; provided for an inadequate cash component; and was predicated on an anemic claims rate of less than three percent. *Id*. These were not the indicators of a fair, reasonable, and adequate settlement under Rule 23, and the Court denied the application on that basis. Leave to try again was granted. *Id*. A renewed application for preliminary approval has not been filed as of the date of this order. A joint status report by the parties is due on November 6, 2023. *Id*.

Rather than presenting a settlement that addressed the Court's concerns, Mandel now asks the Court to enjoin a plaintiff in a similar case in the District of New Jersey from requesting preliminary approval of a settlement that is said to be the product of a "reverse auction," and for Mandel's lawyers to be appointed "interim class counsel." Dkt. No. 63. The plaintiff in New Jersey filed a request to intervene to oppose Mandel's injunction effort. Dkt. No. 69. Permissive intervention is granted, and the hearing on that motion is vacated. *See Nat'l Fam. Farm Coal. et al. v. Vilsack et al.*, No. 21-cv-05695-JD, Dkt. No. 43 (N.D. Cal. Feb. 7, 2027). Mandel's requests

are denied *in toto*.

Mandel has expressly disclaimed any reliance on Federal Rule of Civil Procedure 65 as the basis for an injunction, Dkt. No. 63 at 1 n.1, and the Court will follow suit. Mandel is not entitled to an injunction under the All Writs Act, which is her sole ground for relief. The Act confers on the Court the equitable power to issue "all writs necessary or appropriate in aid of" its jurisdiction. 28 U.S.C. § 1651(a); *see also Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999). Mandel has not demonstrated that events in the District of New Jersey pose any threat to the Court's jurisdiction. Rather, her worry is the purely personal concern that she might be scooped by a settlement in another case. Such a worry is nowhere close to "the most critical and exigent circumstances" that are required for an application of the writs statute. *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers) (internal citation omitted).

Mandel's heavy reliance on *Negrete v. Allianz Life Insurance Company of North America*, 523 F.3d 1091 (9th Cir. 2008), underscores the unavailability of the All Writs Act here. Our circuit took pains to emphasize that injunctions directed at a sister district court are "rarae aves" and agreed with the Third Circuit's observation that "the lack of cases in which the All Writs Act has been used to enjoin settlement efforts in another federal court is telling." *Id*. at 1099 (internal citation omitted). Our circuit also embraced the Third Circuit's conclusion that there is no basis under the All Writs Act to enjoin a settlement in another district court when there is no pending settlement in the court asked to issue an injunction. *Id*.

That is the circumstance here. In sharp contrast to *Negrete*, where the district court had certified a nationwide and state classes, *id*. at 1094-95, the Court expressly declined to grant even preliminary approval of Mandel's proposed settlement class, let alone certification of a class. It bears repeating that Mandel never followed up with a renewed preliminary approval request, or notice that a revised settlement had been reached. In addition, as in *Negrete*, Mandel has not demonstrated that the proposed settlement in New Jersey is collusive or the product of a reverse auction. Merely floating "the specter of a reverse auction" without "facts to give that eidolon more substance" is no grounds for interfering in another district court's docket. *Id.* at 1099.

Consequently, all of Mandel's requests are denied. She is free to press her concerns about the proposed settlement in the District of New Jersey with the court overseeing that litigation.

**IT IS SO ORDERED.**

Dated: October 27, 2023

JAMES DONATO
United States District Judge